**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KURT AMBRIDGE,**

                            **Plaintiff,**

    vs.                                             **6:21-CV-00827**
                                                            **(MAD/TWD)**

**ACCREDITED MANAGEMENT**
**SOLUTIONS, LLC, and UNITED MERCHANT**
**ASSET RECOVERY OF WNY, LLC,**

                            **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**AGRUSS LAW FIRM, LLC**                **JAMES J. PARR, ESQ.**
4809 N. Ravenswood Ave.
Suite 419
Chicago, Illinois 60640
Attorneys for Plaintiff

**HORMOZDI LAW FIRM, LLC**            **SHIREEN HORMOZDI, ESQ.**
1770 Indian Trail Lilburn Road
Suite 175
Norcross, Georgia 30093
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On July 21, 2021, Plaintiff Kurt Ambridge commenced this action against Defendants Accredited Management Solutions, LLC ("Accredited Management"), United Merchant Asset Recovery of WNY, LLC ("United Merchant"), and Jeremy Brown ("Brown"). *See* Dkt. No. 1. Plaintiff alleged two causes of action against Defendants: violations of the federal Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692, *et seq.*; and violations of the New

York General Business Law ("GBL"), *see* GBL §§ 349, *et seq*. *See* Dkt. No. 1 at ¶¶ 53-67. When Defendants Accredited Management and United Merchant failed to answer or otherwise appear, Plaintiff obtained a Clerk's entry of default as to those Defendants. *See* Dkt. Nos. 9, 15. Defendant Brown was dismissed from this action without prejudice on October 29, 2021. *See* Dkt. No. 23.

Currently before the Court is Plaintiff's unopposed motion for default judgment against Defendants Accredited Management and United Merchant (hereinafter, "Defendants"). *See* Dkt. No. 26. For the reasons that follow, Plaintiff's motion is granted.

## II. BACKGROUND

Defendants are debt collection agencies located in and operating out of New York. *See* Dkt. No. 1 at ¶¶ 13-18. The complaint alleges that Defendants were attempting to collect a consumer debt arising from an automobile deficiency balance. *See id.* at ¶ 28. In October 2020, Plaintiff received a voicemail message from Defendants "which threatened Plaintiff with a warrant for his arrest and an upcoming court date." *Id.* at ¶ 32. The voicemail message provided one of Defendants' telephone numbers as a callback number. *See id.* Plaintiff called the provided callback number and spoke with a debt collector who "confirmed the threatened legal action against Plaintiff if he did not immediately pay the alleged debt." *Id.* at ¶¶ 33-34. The complaint asserts that the alleged debt was incurred and defaulted on in "approximately 2009," and that the applicable statute of limitations therefore ran on the debt in 2015. *Id.* at ¶¶ 36-39. Plaintiff never paid the alleged debt and Defendants never brought an action against Plaintiff to collect it. *See id.* at ¶¶ 41-42.

Plaintiff now moves for a default judgment against Defendants, seeking damages in the amount of $5,054.20 under the FDCPA. *See* Dkt. No. 26-1 at 8.

2

### III. DISCUSSION

**A.     Entry of Default Judgment**

Once the Clerk enters a party's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the court may enter a judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2).  "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered." *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citation omitted).  The moving party must "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing Fed. R. Civ. P. 55(b); N.Y.N.D. L.R. 55.1, 55.2) (other citations omitted).

The Second Circuit has "generally disfavored" granting default judgment because it is an extreme remedy, and while it may be efficient, the court must weigh its interest in expediency against the need to afford all litigants the opportunity to be heard. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citing *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957)).  Although the Second Circuit has a clear preference for deciding cases on the merits, district courts are given discretion to assess the individual circumstances of each case and grant default judgment where appropriate. *Enron Oil Corp.*, 10 F.3d at 95-96 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 503 U.S. 1006 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)).  However, when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief

3

requested." *Rusyniak v. Gensini*, No. 5:07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (quoting *Cossey v. David*, No. 04-CV-1501, 2007 WL 3171819, *7 (N.D.N.Y. Oct. 29, 2007)).

Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff has properly served Defendants with the summons and complaint, *see* Dkt. Nos. 5, 6; obtained an entry of default, *see* Dkt. Nos. 9, 15; provided an affidavit showing that Defendants are not infants, incompetent, or members of the United States Military Service, *see* Dkt. No. 26-1 at 3; and served Defendants with this motion, *see* Dkt. No. 26 at 3.

Accordingly, the Court turns to whether Plaintiff has met his burden of demonstrating that he is entitled to the relief requested.

**B.   Plaintiff's Entitlement to Relief**

Plaintiff contends that Defendants violated Sections 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692g(b) of the FDCPA.  *See* Dkt. No. 1 at ¶ 53.  "To state a claim for a violation of the FDCPA, 'a plaintiff must establish three elements: (1) the plaintiff must be a "consumer" who is alleged to owe a debt or the target of efforts to collect a consumer debt; (2) the defendant must be a "debt collector"; and (3) the defendant must have engaged in conduct violating FDCPA requirements.'" *Palmer v. Simon's Agency, Inc.*, No. 6:19-CV-114, 2020 WL 1332829, *3 (N.D.N.Y. Mar. 23, 2020) (quotation and other citation omitted), *aff'd*, 833 Fed. Appx. 838 (2d Cir. 2020).  "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

The complaint alleges that Plaintiff is a consumer, *see* Dkt. No. 1 at ¶¶ 7-8; who is the

target of efforts to collect a consumer debt, *see id.* at ¶¶ 28-30; by Defendants, two business entities with the principal purpose of collecting debts owed to third parties, *see id.* at ¶¶ 18, 22-23. Plaintiff has therefore met his burden with respect to the first two elements of his FDCPA claim. Accordingly, the Court turns to whether Plaintiff has met his burden of demonstrating that Defendants have engaged in conduct violating the FDCPA's requirements.

### *1. Section 1692d*

Plaintiff first claims that Defendants violated 15 U.S.C. § 1692d, which provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d then sets forth six nonexhaustive examples of conduct that would constitute a violation of this section: the "use or threat of use of violence," "the use of obscene or profane language," the "publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency," the "advertisement for sale of any debt to coerce payment of the debt," making repeated telephone calls with the "intent to annoy, abuse, or harass," and "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(1)-(6). The Court's review of the complaint's allegations—which consist of a single voicemail left by Defendants and a single phone call initiated by Plaintiff—do not reveal any of the behavior identified in those examples. The complaint states only that Defendants violated Section 1692d when they coerced Plaintiff into paying the alleged debt "with unlawful and empty threats," Dkt. No. 1 at ¶ 53(a), but Section 1692d appears to cover threats of the use of "violence or other criminal means," 15 U.S.C. § 1692d(1), not threats of legal action or a warrant as was pled in the complaint. The Court therefore finds that Plaintiff has not met his burden of establishing that Defendants engaged in conduct covered by Section 1692d.

Accordingly, the Court holds that Plaintiff has not demonstrated his entitlement to relief under 15 U.S.C. § 1692d.

### *2. Section 1692e*

Plaintiff next alleges that Defendants violated 15 U.S.C. § 1692e, which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." As with Section 1692d, Section 1692e sets forth a number of nonexhaustive examples of conduct that constitutes a violation of this section, including: the "false representation of ... the ... legal status of any debt," the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person," the "threat to take any action that cannot legally be taken," and the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (4), (5), (10). Here, the complaint alleges that Defendants falsely represented that (1) they could collect on a debt that had been time-barred for approximately five years, *see* Dkt. No. 1 at ¶¶ 32-34; (2) there was a warrant for Plaintiff's arrest and an upcoming court date, *see id.* at ¶ 32; and (3) Defendants could bring a legal action against Plaintiff if he did not immediately pay the debt, *see id.* at ¶ 34(a). The Court concludes that these allegations are sufficient to meet Plaintiff's "modest burden" of demonstrating violations of Sections 1692e(2)(A), (4), (5), and (10)

Accordingly, the Court holds that Plaintiff has demonstrated his entitlement to relief under 15 U.S.C. § 1692e.

### *3. Section 1692f*

Plaintiff next claims that Defendants violated Section 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Like the previous sections, Section 1692f provides a number of nonexhaustive examples of

6

conduct that violates this prohibition, but none of these sections are applicable to the facts pled in the complaint, and Plaintiff does not specify how Defendants violated this section beyond a general restatement of Section 1692f's introductory language. *See* Dkt. No. 1 at ¶ 53(h). Furthermore, this section "was 'enacted specifically to catch conduct not otherwise covered by the FDCPA, because Congress was [c]ognizant that it could not anticipate every improper practice used by debt collectors.'" *DeWolf v. Samaritan Hosp.*, No. 1:17-CV-0277, 2018 WL 3862679, *5 (N.D.N.Y. Aug. 14, 2018) (quotation omitted). Here, all of the allegations in the complaint are already covered by Section 1692e, as discussed above, or Section 1692g, as discussed below.

Accordingly, the Court holds that Plaintiff has *not* demonstrated his entitlement to relief under 15 U.S.C. § 1692f.

### *4. Section 1692g*

Section 1692g requires debt collectors to inform consumers, via written notice, of their right to require verification of a debt from that debt collector. *See* 15. U.S.C. § 1692g(a)(3). Consumers are provided a thirty-day period after receipt of that notice to exercise their right to require the debt collector to validate the debt. *See id.* During this thirty-day window, any "collection activities and communication[s]" by the debt collector "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "A notice overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'" *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).

Here, the complaint contends that Defendants communications to Plaintiff overshadowed or were inconsistent with the disclosure of the consumer's right to dispute the debt. *See* Dkt. No. 1 at ¶ 53(i). Specifically, the complaint points to Defendants' demand for "immediate payment

7

from Plaintiff on the phone" and Defendants' "unlawful and empty threats of legal action against Plaintiff." *Id.* Although "a debt collector is, as a general matter, entitled to demand immediate payment of a debt, and to threaten further action in the event of non-payment," *Jacobson*, 516 F.3d at 91, the Court finds that Defendants' threats of a "warrant for [Plaintiff's] arrest" and "legal action against Plaintiff if he did not immediately pay the alleged debt," Dkt. No. 1 at ¶¶ 31, 34, would leave the least sophisticated consumer "uncertain whether she had the option to dispute the debt, and to withhold payment while disputing it," *Jacobson*, 516 F.3d at 92; *see also Parker v. Mandarich Law Group, LLP*, No. 19-CV-6313, 2021 WL 2351177, *14 (E.D.N.Y. June 9, 2021) ("A communication from a debt collector may be a threat if the least sophisticated consumer 'would interpret th[e] language to mean that legal action was authorized, likely, and imminent'") (quoting *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)).

Accordingly, the Court holds that Plaintiff has demonstrated his entitlement to relief under 15 U.S.C. § 1692g.

**C.    Damages**

Plaintiff seeks damages under the FDCPA in the amount of $5,054.20, consisting of (1) statutory damages in the amount of $1,000.00; (2) attorney's fees in the amount of $3,063.20; and (3) costs in the amount of $991.00. *See* Dkt. No. 26-1 at 8. "The FDCPA provides that ... 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to ... such additional damages as the court may allow, but not exceeding $1,000.'" *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (quoting 15 U.S.C. § 1692k(a)). Additionally, a prevailing party may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Even a single violation of the FDCPA is sufficient to establish

8

civil liability under 15 U.S.C. § 1692k.  *See Bentley*, 6 F.3d at 62.

Here, Plaintiff has prevailed under Sections 1692e and 1692g of the FDCPA and is accordingly entitled to statutory damages as the Court may allow, as well as costs and reasonable attorney's fees.

### *1. Statutory Damages*

Plaintiff seeks $1,000 in damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See id.*  "The decision on whether to award 'additional damages' and on the size of any such award is committed to the sound discretion of the district court."  *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993).  In exercising that discretion, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors."  *Id.* (citing 15 U.S.C. § 1692k(b)).  In this case, Defendants are alleged to have threatened Plaintiff with a warrant for his arrest and legal action if he did not immediately pay a debt for which the statute of limitations had run approximately five years previously.  In light of the egregious and intentional nature of Defendants' alleged conduct, the Court awards the full amount of statutory damages available under Section 1692k(a)(2)(A).

Accordingly, the Court finds that Plaintiff is entitled to $1,000 in statutory damages.

### *2. Attorney's Fees and Costs*

Plaintiff also seeks attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).  In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."  *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (citation omitted).  The Second Circuit "'forum rule' generally requires use of 'the

hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Id.* at 290 (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205, 2012 WL 1624291, *33 (E.D.N.Y. Apr. 30, 2012) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). The party seeking attorney's fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

Plaintiff seeks $3,063.20 in attorney's fees. *See* Dkt. No. 26-1 at 3. Plaintiff specifies that this amount consist of (1) 7.30 hours at $356.00 per hour for Attorney James J. Parr; and (2) 3.60 hours at $129.00 per hour for Paralegal Jacqueline Laino. Although Mr. Parr accurately notes that he has been awarded over $350.00 per hour in courts outside this District, courts within the Northern District of New York have recently found that "'the prevailing hourly rate for experienced counsel in an FDCPA case in this District is $250.'" *Smith v. Nations Recovery Ctr., Inc.*, No. 1:19-CV-1229, 2021 WL 1267833, *4 (N.D.N.Y. Apr. 6, 2021) (quoting *Davis-Fisk v. Overton, Russell, Doerr & Donovan, LLP*, No. 1:17-CV-1047, 2018 WL 4509489, *7 (N.D.N.Y. Sept. 19, 2018)); *see also Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-CV-1057, 2019 WL 2024760, *6 (N.D.N.Y. May 8, 2019) (finding that $250.00 per hour is "the prevailing hourly rate for experienced counsel in an FDCPA case in this District"); *Azzara v. Natl. Credit Adjusters, LLC*, No. 1:16-CV-01213, 2017 WL 2628875, *4 (N.D.N.Y. June 19, 2017) (finding that the "hourly rate for experienced counsel in a FDCPA case in the Northern District of New York is $210 per hour"). Similarly, the Court finds that "$100 per hour, while on the high end of

10

paralegal rates for FDCPA cases in this District, is reasonable" for Ms. Laino. *Smith*, 2021 WL 1267833, at *4; *see also Muldowney*, 2019 WL 2024760, at *6 (finding that "[$]50.00 is a reasonable prevailing hourly rate for a paralegal in this District"). Plaintiff has not provided any compelling reason why either Mr. Parr or Ms. Laino should be awarded fees at an hourly rate higher than those usually awarded in the Northern District of New York. The Court has examined the provided records of the hours expended by Plaintiff's counsel, *see* Dkt. No. 26-1 at 33-34, and finds that hours expended were not excessive. The Court therefore awards Plaintiff a total of $2,185.00 in attorney's fees: $1,825.00 for Mr. Parr (7.30 hours at $250.00 per hour) and $360.00 for Ms. Laino (3.60 hours at $100.00 per hour).

Plaintiff also seeks $991.00 in costs: $402.00 for the cost of filing this action and $589.00 for the service of the summons and complaint. *See id.* at 7. The Court finds that Plaintiff has established his entitlement to an award of the requested costs. *See id.* at 39, 41-45.

Accordingly, Plaintiff is awarded $2,185.00 in attorney's fees and $991.00 in costs.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment against Defendants Accredited Management and United Merchant (Dkt. No. 26) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A); and the Court further

**ORDERS** that Plaintiff is awarded $2,185.00 in attorney's fees and $991.00 in costs under 15 U.S.C. § 1692k(a)(3); and the Court further

**ORDERS** that Defendants Accredited Management and United Merchant are jointly and

severally liable for all of the above damages, attorney's fees, and costs; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 12, 2022
      Albany, New York

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge